### Albert Ellinger v. Commercial Mutual Fire Ins. Co.

1. VERDICTS—*On Conflicting Evidence.*—A verdict on conflicting evidence is, as a general rule, conclusive upon questions of fact.

Assumpsit, on a contract of insurance. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 31, 1900.

EDWARD J. PHILLIPS, attorney for appellant.

FREDERICK W. BURLINGHAM, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is an action in assumpsit brought by appellant to recover what it is claimed by him is due from appellee as its proportionate share of a loss by fire which occurred

April 9, 1896.   Appellant filed with his declaration "copy of the instrument sued on," which is as follows:

Chicago, April 2, 1896.

Messrs. A. Ellinger & Co., City.

Gentlemen:   We are accepting from you in the Commercial Mutual Fire Insurance Company of Providence, R. I., $2,500 on stock Chicago and $2,500 on building addition to Main Factory, Racine, Wisconsin.

Yours truly,

J. L. Windsor & Co."

No policy of insurance was issued by appellee. There was no contract or promise in writing other than the above so-called "binder." Appellant charges that there was a further agreement by parol, the proof of which was excluded by the trial court. The jury found the issues for the appellee.

One of the points in the case as it is stated by counsel for appellant in his brief, is "whether the contract of insurance was mutually rescinded before the fire." If it was, that disposes of the case and a consideration of the other points presented or argued is unnecessary.

Said "binder" is dated and was given April 2, 1896. The fire was April 9, 1896. The contention of appellee is that whatever contract or agreement was made or attempted to be made April 2d, was rescinded and terminated April 4th. Upon this question there were three witnesses who testified for appellee. The appellant testified in his own behalf.

J. L. Windsor, the person who signed said binder, Mr. Charles Brack-Jones who officed with, and Hattie M. Haley, stenographer for said Windsor & Co., all testified positively in substance and effect, that April 4th, appellant was at the office of Windsor & Co., when and where said binder was by mutual understanding and agreement canceled and terminated. Each of said witnesses states the conversation in greater or less detail, and said Windsor also states the reason then given to appellant for terminating the alleged agreement.

Appellant testified that no such conversation as testified to by said three witnesses occurred concerning the appellee

company, and that there was no termination of said alleged agreement. His testimony is that such conversation and cancellation of binder related to the "People's Fire Lloyds" and not to the appellee.

Upon a careful examination of the testimony we are fully satisfied that it was the understanding and agreement between appellant and said Windsor, April 4, 1896, that the binder and all agreement for insurance or proposed insurance by appellee was then and there canceled and terminated. While the jury could have found that such binder and agreement for insurance was not thus terminated and yet have found for appellee upon other points, there is, of course, nothing in this record to show that they did so find. If they did not, they surely ought to have done so, and we presume they did.

No premium was ever paid by appellant for said binder or the alleged insurance. He had an open account with Windsor & Co. for insurance which he settled upon bills presented. But it does not appear that any premium for the alleged insurance in question was ever included in any bill presented to him, or that it was ever charged to him by Windsor & Co.

As above stated, the conclusion which we have arrived at and above presented upon this point, requires that the judgment in question be affirmed, and makes it unnecessary to consider any other question in the case.

The judgment of the Circuit Court is affirmed.